**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*, | Case No. 23-11069 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| | |
| Yellow Corporation, | |
| Plaintiff, | |
| vs. | Adv. No. **Refer to Summons** |
| PACCAR Financial Corp., | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§
547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Yellow Corporation (the "<u>Plaintiff</u>" or "<u>Debtor</u>"), one of the debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases, by and through its undersigned counsel, files this complaint (the "<u>Complaint</u>") to avoid and recover transfers against PACCAR Financial Corp. (the "<u>Defendant</u>") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

**<u>NATURE OF THE CASE</u>**

1.     Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all (a) preferential transfers of property of the Debtors that occurred during the ninety (90) day period prior to the commencement of the

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

bankruptcy proceedings of the Debtors pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code") and, subject to proof, (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

2.    In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of all of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.    The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.The underlying chapter 11 bankruptcy cases are captioned *In re: Yellow Corporation, et al.,* Case No. 23-11069 (CTG).

4.    This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders for matters contained herein.

5.    Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409(a).

6.    The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7.    Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent

of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8.      On August 6, 2023 and continuing on August 7, 2023 (together, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases (the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).[2]

9.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

10.     On August 16, 2023, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").[3] An amended notice of appointment was filed on May 20, 2024.[4] A second amended notice of appointment was filed on February 5, 2025.[5]

## THE PARTIES

11.     As more fully discussed in the *Third Amended Disclosure Statement for Third Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed By The Debtors and the Official Committee of Unsecured Creditors* (the "Disclosure Statement"),[6] the Debtors were a leading trucking and

---

[2] Docket No. 169.

[3] Docket No. 269.

[4] Docket No. 3430.

[5] Docket No. 5615.

[6] Docket No. 5996.

logistics company, boasting one of the largest LTL networks in North America that enabled the Debtors to provide customers with regional, national, and international shipping services of transportation logistics and LTL services. Entering 2023, the Debtors were the largest unionized LTL carrier in the United States, in addition to being the third largest LTL freight carrier and the fifth largest transportation company in North America. As of July 27, 2023, the Debtors employed nearly 30,000 people. The Debtors operated service terminals in 300 communities, with employees in all fifty states.

12.     Pursuant to Bankruptcy Code sections 547, 548, 550, 704(a), 1106, and 1107, Plaintiff is authorized and has standing to investigate, pursue, commence, prosecute, compromise, settle, or otherwise resolve certain causes of action under chapter 5 of the Bankruptcy Code, including the instant avoidance action.

13.     Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that manufactured light-, medium- and heavy-duty trucks to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 777 106th Avenue NE, Bellevue, Washington 98004. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of the State of Washington.

**FACTUAL BACKGROUND**

14.     Prior to the Petition Date, the Debtors, as a trucking and logistics company, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services. The Debtors also regularly paid for services used to facilitate its business.

15.     The Debtors' financial difficulties that led to the decision to file the voluntary petitions are attributable to a combination of factors, all of which placed significant stress on the Debtors' liquidity position in the months leading up to the Petition Date. A summary of the Debtors' prepetition operations, debt structure, and factors that led to the Bankruptcy Case are set forth in Article 5.C through 6.F of the Disclosure Statement and are incorporated herein by reference.

16.     As described in Article 3.E of the Disclosure Statement and Section 3.A of the *Third Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed By The Debtors and the Official Committee of Unsecured Creditors* (the "Plan"),[7] General Unsecured Claims compromise an impaired class of creditors and are not expected to be paid in full.

17.     As of the Petition Date, the Debtors utilized two separate cash management systems (the "USA Cash Management System" and the "Canada Cash Management System," collectively, the "Cash Management Systems"), and used these Cash Management Systems to collect, transfer, and disburse funds and to facilitate cash monitoring, forecasting, and reporting .[8] As of the Petition Date, the Cash Management Systems consisted of 59 bank accounts (the "Bank Accounts") maintained at several financial institutions including JPMorgan Chase Bank, N.A. ("JPMorgan"), Citizens Bank, and Bank of Nova Scotia ("BNS").

18.     Among these Bank Accounts, disbursements to the Debtors' vendors were made from the following accounts: accounts ending 0830, 4201, and 4599 held at JPMorgan by Yellow

---

[7] D.I. 5995.

[8] *See Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief*, incorporated here by reference (the "Cash Management Motion") [D.I. 10].

Corporation and accounts ending 5117 and 5214 held at BNS by Yellow Corporation; account ending 4250 held at JPMorgan by YRC Inc.; and accounts ending 4510, 3512, and 8114 held at BNS by YRC Freight Canada Company. Yellow Corporation also made disbursements via credit cards maintained with Citizens Bank (such credit card payments, collectively with the Bank Accounts from which disbursements were made, the "Disbursement Accounts"). [*See* D.I. 10].

19.    The Debtors drew upon the Disbursement Accounts to pay for its operational costs, including payment to its vendors, suppliers, distributors, and other creditors, including Defendant.

20.    During the ninety (90) days before the Petition Date, that is between May 8, 2023 and August 6, 2023 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment, or otherwise to various entities.

21.    Upon information and belief, during the course of their relationship, Plaintiff and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to Plaintiff as described in the "Parties" section of this Complaint. The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

22.    Plaintiff made transfer(s) of an interest of Plaintiff's property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $1,882,201.64 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on

Exhibit A attached hereto and incorporated by reference. Such details include "Transfer Number," "Transfer Amount," "Transfer Clear Date," and "Debtor Transferor(s)."

23.     Plaintiff is seeking to avoid all of the transfers of an interest of Plaintiff's property made by Plaintiff to Defendant within the Preference Period.

24.     On or about June 24, 2025, Plaintiff, through counsel, sent one or more demand letters (collectively, the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.

25.     Plaintiff also performed Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the books and records in Plaintiff's possession and identified that Defendant potentially has $1,738,427.89 in invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense for which Defendant bears the burden of proof under section 547(g). The potential new value is based on the invoice date in the books and records. As the dates for new value are often based on the shipping dates for goods and the actual dates of service for services, this new value is subject to adjustment. Additionally, section 547(c)(4)(B) provides that any potential new value must not be paid for by "an otherwise unavoidable transfer." To the extent that i) there are any prepayments in the Preference Period paying such new value that are not subject to avoidance by Plaintiff, or ii) Defendant successfully asserts affirmative defenses, including but not limited to the ordinary course of business defense or the contemporaneous exchange for new value defense, certain invoices may no longer be available for new value and the new value amount may be

subject to reduction.

26.      Additionally, Plaintiff reviewed the books and records in Plaintiff's possession to examine whether historical payment records exist that may be used to analyze whether, and to what extent, Defendant may be able to assert the subjective ordinary course of business affirmative defense. However, the subjective ordinary course of business defense is an inherently factual endeavor, and payment history is only one factor. The presence of collection pressure, tightening of credit terms, a creditor's loss of credit insurance, and threats to stop shipments without payment, can make even statistically ordinary payments unordinary. Certain information related to these factors may only be in Defendant's possession, which Plaintiff is entitled request during discovery. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to the ordinary course of business affirmative defense.

27.      Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

28.      During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"),

that may become known to Plaintiff at any time during this adversary proceeding, through formal

discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

29.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the

extent they are not inconsistent with allegations contained in this First Claim for Relief.

30.     As more particularly described on Exhibit A attached hereto and incorporated

herein, during the Preference Period, Plaintiff made Transfers to or for the benefit of Defendant in

an aggregate amount not less than $1,882,201.64.

31.     Each Transfer was made from one or more of the Disbursement Accounts described

*supra,* and constituted transfers of an interest in property of Plaintiff.

32.     Defendant was a creditor of Plaintiff at the time of each Transfer by virtue of

supplying the goods and/or services identified in this Complaint and in the Agreements to Plaintiff,

as more fully set forth on Exhibit A hereto, for which Plaintiff was obligated to pay following

delivery in accordance with the Agreements. *See* Exhibit A.

33.     Each Transfer was to or for the benefit of a creditor within the meaning of section

§ 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt

or debts then owed by Plaintiff to Defendant.

34.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by

Plaintiff to Defendant before such Transfers were made, as asserted by Defendant and

memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms

are defined in the Bankruptcy Code) of Defendant prior to being paid by Plaintiff as set forth on

Exhibit A hereto.

35.     Each Transfer was made while Plaintiff was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

36.     Each Transfer was made during the Preference Period, as set forth on <u>Exhibit A</u>.

37.     As a result of each Transfer, Defendant received more than Defendant would have received if: (i) Plaintiff's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' and Plaintiff's liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

38.     In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

<u>**COUNT II**</u>
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

39.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

40.     To the extent one or more of the Transfers identified on <u>Exhibit A</u> was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was incurred by another Debtor but paid for by Plaintiff without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "<u>Potentially Fraudulent Transfers</u>"); and

A.      The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

B.      The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or

C.      The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

41.     Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

## <u>COUNT III</u>
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

42.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Third Claim for Relief.

43.     Plaintiff is entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code and any Potentially Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (collectively, the "<u>Avoidable Transfers</u>").

44.      Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

45.     Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## <u>COUNT IV</u>
### <u>(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))</u>

46.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Fourth Claim for Relief.

47.     Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

48.     Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

49.     Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

50.     Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A.     On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers pursuant to sections 547(b), 548, and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate

and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

      B.      On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to sections 502(d) and (j) of the Bankruptcy Code; and

      C.      Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 31, 2025

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

*-and-*

Joseph L. Steinfeld, Jr., Esq. MN SBN 0266292
Gary Underdahl, Esq. MN SBN 0301693
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: 651-289-3857
Fax: (651) 406-9676
Email: gunderdahl@askllp.com

*-and-*

Edward E. Neiger, Esq.
60 East 42nd Street, 46th Fl.
New York, NY  10165
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Counsel for Plaintiff*

| Defendant: | **PACCAR Financial Corp.** |
|---|---|
| Bankruptcy Case: | **Yellow Corporation** |
| Preference Period: | **May 8, 2023 – Aug 6, 2023** |

## Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Transfer Number | Transfer Amount | Clear Date | Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200314845 | $9,659.23 | 5/8/2023 | SCHEDULE 900-683-600-00007053838-43 | 5/9/2023 | $3,369.14 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200314845 | $9,659.23 | 5/8/2023 | SCHEDULE 900-683-600-00007053861-43 | 5/9/2023 | $1,548.33 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200314845 | $9,659.23 | 5/8/2023 | SCHEDULE 900-683-600-00007053903-43 | 5/9/2023 | $1,548.33 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200314845 | $9,659.23 | 5/8/2023 | SCHEDULE 900-683-600-00007054067-43 | 5/9/2023 | $1,645.10 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200314845 | $9,659.23 | 5/8/2023 | SCHEDULE 900-683-600-00007054091-43 | 5/9/2023 | $1,548.33 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200315037 | $3,979.14 | 5/8/2023 | 900-652-600-00007009897-45 | 5/9/2023 | $3,979.14 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200315038 | $19,642.36 | 5/8/2023 | 900-652-600-00007027097-43 | 5/9/2023 | $19,642.36 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200315039 | $5,905.02 | 5/8/2023 | 900-652-600-00007027295-43 | 5/9/2023 | $5,905.02 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200315255 | $8,123.84 | 5/9/2023 | SCHEDULE 900-693-600-00007010424-48 | 5/10/2023 | $8,123.84 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200315483 | $13,563.28 | 5/10/2023 | 900-652-600-00007045610-41 | 5/11/2023 | $13,563.28 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200315782 | $15,920.96 | 5/11/2023 | 900-652-600-00007000854-46 | 5/12/2023 | $15,920.96 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200315783 | $29,457.28 | 5/11/2023 | 900-652-600-00007037419-42 | 5/12/2023 | $29,457.28 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200316224 | $1,897.34 | 5/11/2023 | SCHEDULE-900-683-600-00007000946-49 | 5/12/2023 | $1,897.34 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200316487 | $5,625.09 | 5/12/2023 | SCHEDULE 900-693-600-00007019789-47 | 5/13/2023 | $5,625.09 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200316707 | $36,942.94 | 5/12/2023 | 900-652-600-00007055429-40 | 5/15/2023 | $36,942.94 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200317657 | $1,999.13 | 5/17/2023 | 900-652-600-00006992259-47 | 5/18/2023 | $1,999.13 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200317656 | $33,392.84 | 5/17/2023 | 900-652-600-00007029895-44 | 5/18/2023 | $33,392.84 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200318167 | $39,802.40 | 5/18/2023 | 900-652-600-00007003353-46 | 5/19/2023 | $39,802.40 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200318242 | $1,952.10 | 5/18/2023 | SCHEDULE-900-693-600-00007003650-49 | 5/19/2023 | $1,952.10 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200318602 | $7,991.17 | 5/19/2023 | SCHEDULE 900-683-600-00007047988-44 | 5/20/2023 | $1,543.44 |

PACCAR Financial Corp. (2304652)
Bankruptcy Case: Yellow Corporation
Jul 29, 2025

Exhibit A

P. 1

Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Transfer Number | Transfer Amount | Clear Date | Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200318799 | $6,091.05 | 5/19/2023 | SCHEDULE-900-693-600-00007012578-48 | 5/20/2023 | $6,091.05 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200318602 | $7,991.17 | 5/19/2023 | SCHEDULE 900-683-600-00007048028-44 | 5/20/2023 | $3,360.85 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200318602 | $7,991.17 | 5/19/2023 | SCHEDULE 900-683-600-00007047970-44 | 5/20/2023 | $3,086.88 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200318601 | $31,923.39 | 5/19/2023 | 900-652-600-00007013147-45 | 5/21/2023 | $31,923.39 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200318795 | $17,652.33 | 5/19/2023 | 900-652-600-00007040470-42 | 5/22/2023 | $17,652.33 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200319071 | $7,719.32 | 5/22/2023 | SCHEDULE 900-693-600-7040553-45 | 5/23/2023 | $7,719.32 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200319212 | $42,840.93 | 5/22/2023 | 900-652-600-00007057805-40 | 5/23/2023 | $42,840.93 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200319293 | $34,826.05 | 5/23/2023 | 900-652-600-00007048820-41 | 5/24/2023 | $34,826.05 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200319294 | $15,705.52 | 5/23/2023 | 900-652-600-00007031354-43 | 5/24/2023 | $15,705.52 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200319922 | $29,135.79 | 5/25/2023 | SCHEDULE 900-693-600-00007005515-49 | 5/26/2023 | $13,662.25 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200320319 | $11,878.74 | 5/25/2023 | 900-652-600-00007023401-45 | 5/26/2023 | $11,878.74 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200319922 | $29,135.79 | 5/25/2023 | SCHEDULE-900-693-600-00007031586-46 | 5/26/2023 | $5,780.34 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200319922 | $29,135.79 | 5/25/2023 | SCHEDULE-900-693-600-00007023518-47 | 5/26/2023 | $9,693.20 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200320645 | $9,454.70 | 5/26/2023 | SCHEDULE 900-683-600-00007014673-48 | 5/28/2023 | $9,454.70 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200320646 | $13,692.21 | 5/26/2023 | SCHEDULE-900-693-600-00007014590-48 | 5/28/2023 | $13,692.21 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200320647 | $15,961.05 | 5/26/2023 | 900-652-600-00007014723-45 | 5/27/2023 | $15,961.05 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200320648 | $11,803.32 | 5/26/2023 | 900-652-600-00007034457-42 | 5/28/2023 | $11,803.32 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200322248 | $23,926.41 | 6/1/2023 | 900-652-600-00007008048-46 | 6/2/2023 | $23,926.41 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200322588 | $35,119.96 | 6/2/2023 | SCHEDULE 900-693-600-00007017601-48 | 6/4/2023 | $27,145.58 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200322408 | $23,291.32 | 6/2/2023 | 900-652-600-00007053275-41 | 6/3/2023 | $23,291.32 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200322491 | $6,545.50 | 6/2/2023 | SCHEDULE 900-683-600-00007061302-43 | 6/5/2023 | $1,544.30 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200322491 | $6,545.50 | 6/2/2023 | SCHEDULE 900-683-600-00007061351-43 | 6/5/2023 | $1,640.82 |

PACCAR Financial Corp. (2304652)
Bankruptcy Case: Yellow Corporation
Jul 29, 2025

Exhibit A

P. 2

## Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Transfer Number | Transfer Amount | Clear Date | Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200322491 | $6,545.50 | 6/2/2023 | SCHEDULE 900-683-600-00007061377-43 | 6/5/2023 | $3,360.38 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200322588 | $35,119.96 | 6/2/2023 | SCHEDULE 900-693-600-00007009145-49 | 6/3/2023 | $3,912.44 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200322588 | $35,119.96 | 6/2/2023 | SCHEDULE 900-693-600-00007009160-49 | 6/3/2023 | $4,061.94 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200322773 | $3,361.56 | 6/5/2023 | SCHEDULE 900-683-600-00007044837-45 | 6/6/2023 | $3,361.56 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200323165 | $11,249.94 | 6/6/2023 | SCHEDULE 900-693-600-00007017841-48 | 6/7/2023 | $11,249.94 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200323133 | $13,856.01 | 6/6/2023 | 900-652-600-00007017676-45 | 6/7/2023 | $13,856.01 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200323412 | $23,321.52 | 6/7/2023 | 900-652-600-00007053929-41 | 6/8/2023 | $23,321.52 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200323512 | $13,509.65 | 6/7/2023 | SCHEDULE-900-693-600-00007035793-46 | 6/8/2023 | $13,509.65 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200323622 | $5,905.02 | 6/8/2023 | 900-652-600-00007027295-44 | 6/9/2023 | $5,905.02 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200324002 | $9,659.23 | 6/8/2023 | SCHEDULE 900-683-600-00007054091-44 | 6/9/2023 | $1,548.33 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200324002 | $9,659.23 | 6/8/2023 | SCHEDULE 900-683-600-00007054067-44 | 6/9/2023 | $1,645.10 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200324002 | $9,659.23 | 6/8/2023 | SCHEDULE 900-683-600-00007053903-44 | 6/9/2023 | $1,548.33 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200324002 | $9,659.23 | 6/8/2023 | SCHEDULE 900-683-600-00007053838-44 | 6/9/2023 | $3,369.14 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200323621 | $19,642.36 | 6/8/2023 | 900-652-600-00007027097-44 | 6/9/2023 | $19,642.36 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200323620 | $3,979.14 | 6/8/2023 | 900-652-600-00007009897-46 | 6/9/2023 | $3,979.14 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200324002 | $9,659.23 | 6/8/2023 | SCHEDULE 900-683-600-00007053861-44 | 6/9/2023 | $1,548.33 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200324485 | $1,897.34 | 6/9/2023 | SCHEDULE-900-683-600-00007000946-50 | 6/12/2023 | $1,897.34 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200324595 | $8,123.84 | 6/9/2023 | SCHEDULE 900-693-600-00007010424-49 | 6/10/2023 | $8,123.84 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200324478 | $13,563.28 | 6/9/2023 | 900-652-600-00007045610-42 | 6/11/2023 | $13,563.28 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200324480 | $15,920.96 | 6/9/2023 | 900-652-600-00007000854-47 | 6/12/2023 | $15,920.96 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200324479 | $29,457.28 | 6/9/2023 | 900-652-600-00007037419-43 | 6/12/2023 | $29,457.28 |

PACCAR Financial Corp. (2304652)
Bankruptcy Case: Yellow Corporation
Jul 29, 2025

Exhibit A

P. 3

## Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Transfer Number | Transfer Amount | Clear Date | Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200324828 | $5,625.09 | 6/12/2023 | SCHEDULE 900-693-600-00007019789-48 | 6/13/2023 | $5,625.09 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200325388 | $36,942.94 | 6/14/2023 | 900-652-600-00007055429-41 | 6/15/2023 | $36,942.94 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 100171802 | $1,999.13 | 6/14/2023 | 900-652-600-00006992259-48 | 6/18/2023 | $1,999.13 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200326643 | $7,991.17 | 6/16/2023 | SCHEDULE 900-683-600-00007048028-45 | 6/20/2023 | $3,360.85 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200326605 | $39,802.40 | 6/16/2023 | 900-652-600-00007003353-47 | 6/19/2023 | $39,802.40 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200326757 | $8,043.15 | 6/16/2023 | SCHEDULE-900-693-600-00007003650-50 | 6/19/2023 | $1,952.10 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200326643 | $7,991.17 | 6/16/2023 | SCHEDULE 900-683-600-00007047988-45 | 6/20/2023 | $1,543.44 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200326643 | $7,991.17 | 6/16/2023 | SCHEDULE 900-683-600-00007047970-45 | 6/20/2023 | $3,086.88 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200326604 | $33,392.84 | 6/16/2023 | 900-652-600-00007029895-45 | 6/18/2023 | $33,392.84 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200326757 | $8,043.15 | 6/16/2023 | SCHEDULE-900-693-600-00007012578-49 | 6/20/2023 | $6,091.05 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200327083 | $31,923.39 | 6/20/2023 | 900-652-600-00007013147-46 | 6/21/2023 | $31,923.39 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200327557 | $17,652.33 | 6/21/2023 | 900-652-600-00007040470-43 | 6/22/2023 | $17,652.33 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200327686 | $42,840.93 | 6/22/2023 | 900-652-600-00007057805-41 | 6/23/2023 | $42,840.93 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200327688 | $7,719.32 | 6/22/2023 | SCHEDULE 900-693-600-7040553-46 | 6/23/2023 | $7,719.32 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200328236 | $29,135.79 | 6/23/2023 | SCHEDULE-900-693-600-00007031586-47 | 6/26/2023 | $5,780.34 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200328505 | $34,826.05 | 6/23/2023 | 900-652-600-00007048820-42 | 6/24/2023 | $34,826.05 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200328530 | $11,878.74 | 6/23/2023 | 900-652-600-00007023401-46 | 6/26/2023 | $11,878.74 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200328236 | $29,135.79 | 6/23/2023 | SCHEDULE-900-693-600-00007023518-48 | 6/26/2023 | $9,693.20 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200328236 | $29,135.79 | 6/23/2023 | SCHEDULE 900-693-600-00007005515-50 | 6/26/2023 | $13,662.25 |
| Yellow Corporation | Yellow Corporation | 11001 | $750.00 | 6/23/2023 | 230623KGO750 | 2/28/2023 | $750.00 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200328506 | $15,705.52 | 6/23/2023 | 900-652-600-00007031354-44 | 6/24/2023 | $15,705.52 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200328864 | $15,961.05 | 6/26/2023 | 900-652-600-00007014723-46 | 6/27/2023 | $15,961.05 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200328924 | $13,692.21 | 6/27/2023 | SCHEDULE-900-693-600-00007014590-49 | 6/28/2023 | $13,692.21 |

Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Transfer Number | Transfer Amount | Clear Date | Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200329192 | $11,803.32 | 6/27/2023 | 900-652-600-00007034457-43 | 6/28/2023 | $11,803.32 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200329268 | $9,454.70 | 6/27/2023 | SCHEDULE 900-683-600-00007014673-49 | 6/28/2023 | $9,454.70 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200330345 | $23,291.32 | 6/30/2023 | 900-652-600-00007053275-42 | 7/3/2023 | $23,291.32 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200330602 | $7,974.38 | 6/30/2023 | SCHEDULE 900-693-600-00007009145-50 | 7/3/2023 | $3,912.44 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200330344 | $23,926.41 | 6/30/2023 | 900-652-600-00007008048-47 | 7/2/2023 | $23,926.41 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200330602 | $7,974.38 | 6/30/2023 | SCHEDULE 900-693-600-00007009160-50 | 7/3/2023 | $4,061.94 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200330706 | $6,545.50 | 7/3/2023 | SCHEDULE 900-683-600-00007061302-44 | 7/5/2023 | $1,544.30 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200330706 | $6,545.50 | 7/3/2023 | SCHEDULE 900-683-600-00007061351-44 | 7/5/2023 | $1,640.82 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200330706 | $6,545.50 | 7/3/2023 | SCHEDULE 900-683-600-00007061377-44 | 7/5/2023 | $3,360.38 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200330756 | $27,145.58 | 7/3/2023 | SCHEDULE 900-693-600-00007017601-49 | 7/4/2023 | $27,145.58 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200331018 | $15,614.35 | 7/5/2023 | SCHEDULE-900-693-600-00007003650-51 | 7/6/2023 | $1,952.10 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200331249 | $39,802.40 | 7/5/2023 | 900-652-600-00007003353-48 | 7/6/2023 | $39,802.40 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200330984 | $5,258.90 | 7/5/2023 | SCHEDULE-900-683-600-00007000946-51 | 7/6/2023 | $1,897.34 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200330984 | $5,258.90 | 7/5/2023 | SCHEDULE 900-683-600-00007044837-46 | 7/6/2023 | $3,361.56 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200331018 | $15,614.35 | 7/5/2023 | SCHEDULE 900-693-600-00007005515-51 | 7/6/2023 | $13,662.25 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200331250 | $15,920.96 | 7/5/2023 | 900-652-600-00007000854-48 | 7/6/2023 | $15,920.96 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200331338 | $11,249.94 | 7/6/2023 | SCHEDULE 900-693-600-00007017841-49 | 7/7/2023 | $11,249.94 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200331743 | $13,856.01 | 7/6/2023 | 900-652-600-00007017676-46 | 7/7/2023 | $13,856.01 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200332248 | $9,659.23 | 7/7/2023 | SCHEDULE 900-683-600-00007053861-45 | 7/9/2023 | $1,548.33 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200332295 | $19,642.36 | 7/7/2023 | 900-652-600-00007027097-45 | 7/9/2023 | $19,642.36 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200332294 | $5,905.02 | 7/7/2023 | 900-652-600-00007027295-45 | 7/9/2023 | $5,905.02 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200332293 | $23,321.52 | 7/7/2023 | 900-652-600-00007053929-42 | 7/8/2023 | $23,321.52 |

Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Transfer Number | Transfer Amount | Clear Date | Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200332248 | $9,659.23 | 7/7/2023 | SCHEDULE 900-683-600-00007054091-45 | 7/9/2023 | $1,548.33 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200332248 | $9,659.23 | 7/7/2023 | SCHEDULE 900-683-600-00007053903-45 | 7/9/2023 | $1,548.33 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200332248 | $9,659.23 | 7/7/2023 | SCHEDULE 900-683-600-00007053838-45 | 7/9/2023 | $3,369.14 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200331855 | $21,633.49 | 7/7/2023 | SCHEDULE-900-693-600-00007035793-47 | 7/8/2023 | $13,509.65 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200331855 | $21,633.49 | 7/7/2023 | SCHEDULE 900-693-600-00007010424-50 | 7/10/2023 | $8,123.84 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200331782 | $3,979.14 | 7/7/2023 | 900-652-600-00007009897-47 | 7/9/2023 | $3,979.14 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200332248 | $9,659.23 | 7/7/2023 | SCHEDULE 900-683-600-00007054067-45 | 7/9/2023 | $1,645.10 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200332398 | $13,563.28 | 7/10/2023 | 900-652-600-00007045610-43 | 7/11/2023 | $13,563.28 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200332825 | $29,457.28 | 7/11/2023 | 900-652-600-00007037419-44 | 7/12/2023 | $29,457.28 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200332913 | $5,625.09 | 7/12/2023 | SCHEDULE 900-693-600-00007019789-49 | 7/13/2023 | $5,625.09 |
| Yellow Corporation | Yellow Corporation | 11046 | $750.00 | 7/14/2023 | 900-652-600-00007000854AdvDocFee | 7/13/2023 | $750.00 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200334093 | $36,942.94 | 7/14/2023 | 900-652-600-00007055429-42 | 7/15/2023 | $36,942.94 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200334443 | $33,392.84 | 7/17/2023 | 900-652-600-00007029895-46 | 7/18/2023 | $33,392.84 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200334442 | $2,050.00 | 7/17/2023 | 900-652-600-00006992259-49 | 7/18/2023 | $2,050.00 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 11051 | $750.00 | 7/18/2023 | 900-683-600-00007000946FEE | 7/12/2023 | $750.00 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200334845 | $7,991.17 | 7/19/2023 | SCHEDULE 900-683-600-00007047970-46 | 7/20/2023 | $3,086.88 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200334845 | $7,991.17 | 7/19/2023 | SCHEDULE 900-683-600-00007047988-46 | 7/20/2023 | $1,543.44 |
| Yellow Corporation | Yellow Corporation; and New Penn Motor Express LLC | 200334845 | $7,991.17 | 7/19/2023 | SCHEDULE 900-683-600-00007048028-46 | 7/20/2023 | $3,360.85 |
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200334851 | $6,091.05 | 7/19/2023 | SCHEDULE-900-693-600-00007012578-50 | 7/20/2023 | $6,091.05 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200334967 | $31,923.39 | 7/20/2023 | 900-652-600-00007013147-47 | 7/21/2023 | $31,923.39 |
| Yellow Corporation | Yellow Corporation | 11055 | $750.00 | 7/20/2023 | 900-652-600-00007003353FEE | 7/19/2023 | $750.00 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200335320 | $42,840.93 | 7/21/2023 | 900-652-600-00007057805-42 | 7/23/2023 | $42,840.93 |

Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Transfer Number | Transfer Amount | Clear Date | Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| Yellow Corporation | Yellow Corporation; and USF Reddaway Inc. | 200335343 | $7,719.32 | 7/21/2023 | SCHEDULE 900-693-600-7040553-47 | 7/23/2023 | $7,719.32 |
| Yellow Corporation | Yellow Corporation | 110570 | $750.00 | 7/21/2023 | 900?693?600?00007003650FEE | 7/19/2023 | $750.00 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200335321 | $15,705.52 | 7/21/2023 | 900-652-600-00007031354-45 | 7/24/2023 | $15,705.52 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200335319 | $17,652.33 | 7/21/2023 | 900-652-600-00007040470-44 | 7/22/2023 | $17,652.33 |
| Yellow Corporation | Yellow Corporation; and USF Holland LLC | 200335322 | $34,826.05 | 7/21/2023 | 900-652-600-00007048820-43 | 7/24/2023 | $34,826.05 |
| Yellow Corporation | Yellow Corporation | 11065 | $194,685.03 | 7/26/2023 | 900-693-600-00007005515BUYOUT | 7/26/2023 | $194,685.03 |

**Totals:**    **103 transfer(s),**    $1,882,201.64

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| YELLOW CORPORATION, *et al.*, | Case No.: 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| Yellow Corporation, | |
| Plaintiff, | |
| vs. | Adv. No.  **Refer to Summons** |
| PACCAR Financial Corp., | |
| Defendant(s). | |

**NOTICE OF DISPUTE RESOLUTION ALTERNATIVES**

As party to litigation you have a right to adjudication of your matter by a judge of this Court. Settlement of your case, however, can often produce a resolution more quickly than appearing before a judge. Additionally, settlement can also reduce the expense, inconvenience, and uncertainty of litigation.

There are dispute resolution structures, other than litigation, that can lead to resolving your case. Alternative Dispute Resolution (ADR) is offered through a program established by this Court.  The use of these services are often productive and effective in settling disputes.  The purpose of this Notice is to furnish general information about ADR.

The ADR structures used most often are mediation, early-neutral evaluation, mediation/arbitration and arbitration.  In each, the process is presided over by an impartial third party, called the "neutral."

In mediation and early neutral evaluation, an experienced neutral has no power to impose a settlement on you.  It fosters an environment where offers can be discussed and exchanged.  In the process, together, you and your attorney will be involved in weighing settlement proposals and crafting a settlement. The Court in its Local Rules requires all ADR processes, except threat of a potential criminal action, to be confidential.  You will not be prejudiced in the event a settlement is not achieved because the presiding judge will not be advised of the content of any of your settlement discussions.

Mediation/arbitration is a process where you submit to mediation and, if it is unsuccessful, agree that the mediator will act as an arbitrator.  At that point, the process is the same as arbitration.  You, through your counsel, will present evidence to a neutral, who issues a decision.  If the matter in controversy arises in the main bankruptcy case or arises from a subsidiary issue in an adversary proceeding, the arbitration, though voluntary, may be binding.  If a party requests *de novo* review of an arbitration award, the judge will rehear the case.

**Your attorney can provide you with additional information about ADR and advise you as to whether and when ADR might be helpful in your case.**

Dated: 7/31/2025

         */s/ Stephen L. Grant, Sr.*
              *Clerk of Court*